UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:  ROBERT A. GRIMES                    Misc. No. 83-030
_____/


MEMORANDUM OPINION AND ORDER


In September of 1978 respondent-attorney Robert A.
Grimes was convicted in United States District Court of two
counts of willful tax evasion in violation of 26 U.S.C.
§ 7201.  The Court of Appeals for the Sixth Circuit affirmed,
601 F.2d 591 (6th Cir. 1979), and the United States Supreme
Court denied certiorari, 444 U.S. 915 (1979).  In April of
1980 a disciplinary hearing was conducted pursuant to Michigan
General Court Rules, M.G.C.R. 1963, 964.  In this hearing
respondent was charged with two counts of misconduct, specifically:
conviction of a federal felony; and counselling a client to
make false statement to the Internal Revenue Service.  The
hearing panel found misconduct as to both counts and ordered
respondent's license suspended for sixty (60) days.  This
decision was appealed to the Attorney Discipline Board which
increased the suspension to one hundred twenty (120) days.
Finally, the matter was appealed to the Michigan Supreme Court
which adopted the findings of the hearing panel and Attorney
Discipline Board, but increased the discipline to disbarment.
In the Matter of Grimes, 414 Mich. 483 (1982).

On January 14, 1983 the United States District Court
for the Eastern District of Michigan, acting pursuant to Rule A-2(b)
of the Local Rules of the United States District Court for
the Eastern District of Michigan (hereinafter cited as
"E.D.Mi. R.____"), issued an Order To Show Cause why the identical
discipline should not be imposed by this court.  Respondent
has submitted an answer setting forth arguments as to why
disbarment should not be ordered by this court.  For reasons
set forth below, I find these arguments to be unpersuasive,
and order that respondent Robert A. Grimes be barred from the
practice of law before this court.

In proceeding with this disciplinary matter I am constrained
by the requirements and provisions set forth in the Local Court
Rules, Appendix A.  These rules provide, in pertinent part:

> [In cases where an attorney admitted to practice
> before this court has been disciplined by another
> court] ... this Court shall impose the identical
> discipline unless the respondent-attorney demon-
> strates, or this Court finds, that upon the face
> of the record upon which the discipline ... is
> predicated it clearly appears:
>
>> 1. that the procedure was so lacking
>> in notice or opportunity to be
>> heard as to constitute a depri-
>> vation of due process; or
>>
>> 2. that there was such an infirmity of
>> proof establishing the misconduct as
>> to give rise to the clear conviction
>> that this Court could not, consistent
>> with its duty, accept as final the
>> conclusion on that subject; or
>>
>> 3. that the imposition of the same
>> discipline by this Court would result
>> in grave injustice; or
>>
>> 4. that the misconduct established is
>> deemed by this Court to warrant sub-
>> stantially different discipline.

> Where this Court determines that any of said
> elements exist, it shall enter such other order
> as it deems appropriate.

E.D.Mi. R.A-2(d).  Thus, the Local Rules mandate that this

court impose the identical discipline (disbarment) upon

respondent Grimes unless one of the above four conditions is

demonstrated.

Respondent, by way of his answer, contends that the hearing

panel and the Attorney Disciplinary Board based their findings

of fact as to Count II (counseling a client to make false

statement) upon the testimony offered by that client during

respondent's trial for tax evasion.  Respondent argues that such

testimony was offered as part of a trial for tax evasion and in which

matters concerning counseling clients to make false statement

were not at issue.  He contends that basing such a finding upon

this testimony denies him of due process and the right to con-

front witnesses as well as exposes him to double jeopardy.

I find it unnecessary to decide whether respondent was

denied due process as to Count II because Count I (based upon

respondent's uncontested felony conviction), in and of itself,

constitutes sufficient cause for the disciplinary actions

imposed.  In discussing respondent's criminal conviction and

its consequences, the Michigan Supreme Court stated:

> [T]he first count against Grimes in the disci-
> plinary proceedings stemmed from his felony
> convictions.  When an attorney is found guilty
> of certain crimes, the fact of the conviction
> itself, without more, may serve as grounds for
> the suspension of his license.

In the Matter of Grimes, 414 Mich. 483, 491 (1982).  Thus,

3

it is clear that the Michigan Supreme Court was of the opinion that Count I, standing alone, justified discipline.

It is a long standing and well established rule that disciplinary actions may be predicated upon felony convictions. Ex Parte Wall, 107 U.S. 265 (1882). Moreover, under Michigan's Court Rules, M.G.C.R. 1963, 953(5), "conduct that violates a criminal law of a state or of the United States" is grounds for the imposition of discipline. Furthermore, Michigan case law specifically holds that federal convictions for willful tax evasion, even misdemeanor convictions, are grounds for discipline. State Bar Grievance Adminstrator v. Lewis, 394 Mich. 224 (1975). Similarly, the laws of other jurisdictions provide that convictions for willful tax evasion constitute crimes of moral turpitude which properly support disciplinary actions. See generally 63 A.L.R. 3d 476. Thus, I find that discipline was rightly imposed on the grounds of Count I alone, and that respondent was accorded full due process protection in all proceedings pertaining thereto.

As to the propriety of the particular discipline imposed, this court must impose the identical discipline unless the misconduct established is deemed to warrant substantially different discipline. E.D.Mi. R.A-2(d)(4). I do not find such to be the case. The Michigan Supreme Court decided to disbar respondent because it was of the opinion that his conduct was so serious as to not justify an automatic reinstatement to good standing at the end of his period of suspension, as would have been the

4

case with a suspension of 120 days or less.   M.G.C.R. 1963, 972.1.   A felony conviction for tax evasion is by no means a trifling matter.   It is a "serious crime" as defined by Local Rule A-1(b), and disbarment is not an inappropriate discipline for such misconduct.

Therefore, in accordance with Local Rule A-2(d), IT IS HEREBY ORDERED that respondent-attorney Robert A. Grimes is barred from the practice of law before this court.

James Harvey
United States District Judge

Dated: May 9, 1983

5